Filed 2/11/25  P. v. Estrada CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082410 |
| v. | (Super.Ct.No. SWF2100524) |
| ANDREW ESTRADA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. F. Paul Dickerson III, Judge. Affirmed.

Alex Coolman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley, Britton B. Lacy, and Evan Stele, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant challenges his conviction on 22 counts of child sexual abuse on the ground that the trial court gave an improper unanimity instruction allowing conviction on all 22 counts if the jurors were unanimous in finding he committed only one act of abuse. We conclude the instruction adequately identified the 22 individual counts and instructed the jurors that they must unanimously find 22 separate acts of abuse occurred.

## I

## FACTS

A. *The Evidence of Molestation*

Defendant and appellant, Andrew Estrada, molested his young daughter (identified in court proceedings as Jane Doe) repeatedly for years.[1] Once or twice a week over five years, Estrada would isolate Doe and touch her vagina. Doe said she "was probably in 1st grade" when the sexual abuse started, and it ended when she was 13 or 14 years old. The family moved to California in July 2014. Estrada briefly stopped molesting her while they lived with his sister and her family, but resumed when they moved into their own apartment in Murietta in late July or early August 2014. After that, he molested her once or twice a week until 2016, when he stopped "he said because I got older."

Doe said Estrada would have her drink a lot of water during the day and prevent her from using the restroom. He would make sure her siblings were in their own rooms and take Doe into his bedroom. He would put towels down, have Doe sit on top of his stomach, straddling him, and then urinate. Sometimes he would touch her clitoris while

---

[1] The trial court granted a motion to keep Jane Doe's identity confidential.

she urinated. Doe said Estrada was rough and sometimes hurt her. Doe said Estrada put his mouth on her vagina while she urinated on "a handful" of occasions. She said this happened four or five times. Doe thought his conduct was "gross" and said she felt "very violated," but she was scared he would be angry and target her siblings if she resisted.

Estrada would tell Doe she was pretty and that he loved her. He also told her she should take what they were doing "to the grave" and warned if she told anyone, "[her] mom would be really depressed" and "wouldn't be able to afford stuff." He also said the police should not be trusted and would "take him away and throw him in jail." Doe said she felt scared, alone, and responsible for keeping their secret. She thought the abuse was "just something I was going to have to live with" and no one would believe her if she disclosed it. She told no one until she was in eighth grade, when she told a friend she begged not to tell anyone else.

Doe struggled with depression and engaged in self-harm. When Estrada learned Doe was cutting herself and spoke to her, she said it was because of the molestation she endured when she was younger. Estrada started crying, said he was very sorry, and said he had thought about committing suicide because of what he had done. He repeated his warning that reporting the abuse would result in the police coming and Doe's mother being depressed and alone. Doe felt like she was the problem and no one else could know about the abuse.

In March 2020, around four years after Estrada had stopped molesting her, Doe disclosed the sexual abuse to her brother. Her brother cried and was "very, very upset,"

3

but Doe asked him to keep it a secret. About a year later, when she was 18 years old, Doe told Estrada's wife, her adoptive mother, what he had done. Her adoptive mother felt sick and started crying. She confronted Estrada, but did not know who to believe after he denied the abuse. Doe also told her sister around the same time. About a week later, her brother disclosed the abuse to a girlfriend's family, and law enforcement became involved.

Estrada once again told Doe the police would take him away to jail and she should not trust them. On another occasion, Estrada hugged Doe and started crying and told her how sorry he was. However, at trial, Estrada denied the abuse and denied apologizing.

B.  *Instructing the Jury on Unanimity*

This appeal concerns the trial court's instruction on the need for jury unanimity on each count. The court raised the question whether a unanimity instruction was required. The prosecutor argued the instruction was unnecessary because the separate counts were "all listed individually," each with a specific time frame.

The court asked whether the prosecutor would "be presenting evidence on multiple acts to prove a single count" or "focus on, hey, this is what happened on Count, say, 5 on this date?" The prosecutor replied, "I'm explaining it happened multiple times, but it's being charged as once a month for the two-year period. . . . It occurred however many times, but we're charging it as once a month. I'm going to tell them you need to find that it happened at least once a month to be able to find him guilty."

In the end, the court decided to give a unanimity instruction, a decision the prosecutor supported. Defense counsel objected, saying "I'll just object and do what you think is right. . . . I don't think [the jurors] are going to sit back there and figure out whether it was a Tuesday or a Thursday." Defense counsel agreed with the proposed wording of the unanimity instruction.

The court instructed the jury using CALCRIM No. 3500. That pattern jury instruction reads: "The defendant is charged with _____ <insert description of alleged offense> [in Count _____] [sometime during the period of _____ to _____]. [¶] The People have presented evidence of more than one act to prove that the defendant committed this offense. You must not find the defendant guilty unless you all agree that the People have proved that the defendant committed at least one of these acts and you all agree on which act he committed." (CALCRIM No. 3500.)

The court filled in the blanks in CALCRIM No. 3500 for count 1 (oral copulation with a minor) in one paragraph: "The defendant is charged with Count 1 Aggravated Sexual Assault of Child Under 14 Years: Oral Copulation by Force, Fear, or Threats sometime during the period of July 4, 2014 through April 3, 2016." The court modified the pattern instruction by adding a second paragraph to fill in the blanks for counts 2 through 22 (lewd and lascivious acts with a minor): "The defendant is charged with Counts 2-22 Lewd and Lascivious Act by Force or Fear sometime during the period of July 4, 2014 through April 3, 2016." The court gave the last portion of the instruction without alteration: "The People have presented evidence of more than one act to prove

5

that the defendant committed this offense. You must not find the defendant guilty unless you all agree that the People have proved that the defendant committed at least one of these acts and you all agree on which act he committed."

Next, the court instructed the jury using CALCRIM No. 3515, directing the jury to treat each count separately. "Each of the counts charged in this case is a separate crime. You must consider each count separately and return a separate verdict for each one."

In closing argument, the prosecutor explained how to apply the unanimity instruction. "The first count, the date ranges go from July 4, 2014 . . . through April 3, 2016. So one count in that two-year period, he orally copulated her." She explained "the other 22 counts are one time a month from the date they moved on July 4, 2014, until the day before she turned 14 years old. So once a month, even though she testified it happened more than that."

Defense counsel told the jurors they needed to decide whether Jane Doe told them the truth even though Estrada "got on the stand, under oath, and said absolutely none of that happened." Counsel said "there's a lot of charges in this case" and if the jurors "decide this crazy event happened only once, you would find him guilty one time."

After closing arguments, the court reminded the jurors, "Your verdict on each count must be unanimous. This means that, to return a verdict, all of you must agree to it. [¶] . . . [¶] If you are able to reach a unanimous decision on only one or only some of the charges, fill in those verdict forms only."

6

The jury found Estrada guilty on all 22 counts separately and filled out a separate verdict form for each.

## II

## ANALYSIS

Estrada argues the unanimity instruction was erroneous and misleading "because it told the jury that finding 'at least one' of the charges proven supported returning guilty verdicts on *all* charges, as long as the jury agreed which count was proven." As such, he argues, the instruction invited the jury to resolve "the entire group of 22 charges" by deciding that one charged act occurred provided they agreed " 'which act' of the 22 charges was proven."

We review the adequacy of jury instructions de novo and ask "whether 'there was a reasonable likelihood the jury applied the challenged instruction in an impermissible manner.' "[2] (*People v. Hajek and Vo* (2014) 58 Cal.4th 1144, 1220, abrogated on another ground by *People v. Rangel* (2016) 62 Cal.4th 1192, 1216.) We look to the entire charge, rather than considering parts of the instructions in isolation, and make allowance that a "theoretical possibility of confusion [may be] diminished by the parties' closing

---

**2** The People argue Estrada forfeited his challenge to the instructions. However, "failure to object to instructional error will not result in forfeiture if the substantial rights of the defendant are affected. [Citations.] Here, [appellant] claims that the flawed instructions deprived him of due process, and because this would affect his substantial rights if true, his claim is not forfeited." (*People v. Mitchell* (2019) 7 Cal.5th 561, 579-580.) In any event, since the issue is purely legal and addressing the merits will "forestall a petition for writ of habeas corpus based on a claim of ineffectual counsel," we exercise our discretion to reach the merits. (*People v. Williams* (2000) 78 Cal.App.4th 1118, 1126.)

arguments.'" (*People v. Hajek and Vo*, at p. 1220.) We presume jurors to be intelligent and capable of understanding and applying instructions. (*Ibid.*)

There is no question it would have been improper for the court to instruct the jury it could convict Estrada of all 22 counts in this case if they unanimously found he committed *one* of the charged acts of sexual abuse but disagreed as to the other charged acts. The Constitution requires a unanimous verdict in criminal cases, which means "the jury must agree unanimously the defendant is guilty of a *specific* crime." (*People v. Russo* (2001) 25 Cal.4th 1124, 1132.) An instruction that the jury must unanimously agree on the criminal act underlying a count is required when the number of similar, separately chargeable criminal acts shown by the evidence exceeds the number of crimes charged. (*Ibid.*) Such an instruction guards against the danger that a defendant will be convicted "even though there is no single offense which all the jurors agree the defendant committed." (*People v. Sutherland* (1993) 17 Cal.App.4th 602, 612.)

Here the prosecution charged Estrada with 22 separate counts. They sought to prove Estrada committed one act of forced oral copulation on a minor between July 4, 2014 and April 3, 2016 and that he committed 21 separate counts of lewd and lascivious conduct on a minor, one time a month, over the same 21-month period. However, they offered evidence that each kind of sexual abuse happened more times than charged. Doe testified that Estrada put his mouth on her vagina four or five times. She testified that he committed other acts of abuse once or twice a week from the time they moved to Murietta in 2014 to when she turned 14 years old in 2016. The instructions directed the

8

jurors that they would have to agree unanimously on at least one act which constituted the crimes as charged.

The trial court also directed the jurors they would have to agree on which constituted the offense for *each count separately*. "Each of the counts charged in this case is a separate crime. You must consider each count separately and return a separate verdict for each one." Estrada does not acknowledge this instruction in his opening brief, but it is critical. We consider the jury charge as a whole and this instruction, which followed immediately after the unanimity instruction, makes clear the jury could not convict Estrada of 22 counts based on unanimous agreement he committed one offense. In addition, the prosecutor explained that to convict Estrada on all 22 counts, the jury would have to find Estrada orally copulated Doe one time between July 4, 2014 and April 3, 2016, and otherwise sexually abused her at least one time each month over the same period. If there was any room for doubt, the trial court clarified the "verdict on each count must be unanimous" and if the jurors were "able to reach a unanimous decision on only one or only some of the charges, fill in those verdict forms only." We conclude there is no reasonable likelihood that the jury was confused by the instructions and misapplied them in the way Estrada suggests.

Estrada relies on *People v. Vasquez* (2017) 14 Cal.App.5th 1019 (*Vasquez*) for the proposition that giving CALCRIM No. 3500 was improper and the court "should have given CALCRIM No. 3501 or adapted the language of CALCRIM No. 3500 to make

9

clear that it was not adequate merely to find 'at least one' charge proven true and agree which count was proven in a case with 22 separate counts."[3]

In *Vasquez*, the defendant faced several charges and the trial court instructed the jury using CALCRIM No. 3500, including by instructing "[y]ou must not find the defendant guilty unless you all agree that the People have proved that the defendant committed at least one of these acts and you all agree on which act he committed." (*Vasquez*, *supra*, 14 Cal.App.5th at p. 1047.) The Court of Appeal observed that "it appears that the trial court intended for the instruction to state" that the jury needed to find "at least one of these acts [*for each offense*]." (*Ibid.*, italics added.) The court did not reverse the conviction on this basis but did reverse on another ground and advised the trial court on remand to "ensure that the instruction is properly modified to account for such multiple counts."[4] (*Ibid.*)

---

[3] Estrada argues the trial court should have used pattern instruction CALCRIM No. 3501, which is appropriate where the evidence takes the form of "generic testimony" about recurrent events without specific times. (See *People v. Jones* (1990) 51 Cal.3d 294, 321-322.) Here, the prosecution *did* provide time periods for the individual counts and did elicit evidence to establish offenses occurred in each period. By contrast, in *Vasquez*, there were several offenses, and the prosecution made no effort to establish when they occurred. (*Vasquez*, *supra*, 14 Cal.App.5th at p. 1046.) CALCRIM No. 3501 might fit this case because the People introduced testimony of more acts than those charged. But any error in failing to give that instruction was not prejudicial. The instruction does not benefit a defendant, but instead provides the prosecution with *another means* of establishing guilt unanimously, by instructing the jury that the defendant is guilty not only if they all agree on the act committed, but also if they agree the defendant committed all the acts alleged. (*Vasquez*, at p. 1046.)

[4] The court recommended the following modification of CALCRIM No. 3500: "The People have presented evidence of more than one act to prove that the defendant committed *[each of]* these offenses. You must not find the defendant guilty [*of each offense*] unless you all agree that the People have proved that the defendant committed at

Though including such a modification is preferable, omitting it was not erroneous in this case, in view of the full jury charge, the prosecutor's explanation in closing, and the trial court's clarification. The version of CALCRIM No. 3500 used here did not specify the jury must make a unanimous finding *for each offense*; however, the court accomplished the same end by setting out the separate counts by time period and adding the instruction that "Each of the counts charged in this case is a separate crime. You must consider each count separately and return a separate verdict for each one." Both the prosecution and the court then clarified that the jurors would have to reach a unanimous verdict as to each count. We assume the jury followed these instructions and conclude there is no reasonable likelihood the jury was confused about the need to make a separate, unanimous finding on each count.

Even if it was error not to modify the jury instruction as suggested in *Vasquez*, we would find the error harmless. *People v. Matute* (2002) 103 Cal.App.4th 1437, 1449-1450, found harmless the court's error in failing to give a unanimity instruction where the need for unanimity was clear from the general instructions and prosecution's arguments. There, the child victim testified to several specific incidents of rape and testified generically that defendant raped her every week after the family moved to California. (*Id.* at p. 1441.) The trial court gave no unanimity instruction, and the jury found defendant guilty of 15 counts of rape. (*Id.* at pp. 1440, 1447, 1450.) The Court of Appeal held the trial court should have given a unanimity instruction, but concluded the error was

least one of these acts *[for each offense]* and you all agree on which act he committed." (*Vasquez*, *supra*, 14 Cal.App.5th at p. 1047, italics added.)

harmless beyond a reasonable doubt because the prosecutor explained in closing argument that the 15 counts were based on one rape per month during the 15 months after the move to California and before the victim disclosed the rapes. (*Id.* at pp. 1448-1450.) The court concluded "[t]here could be no confusion in the jury's mind that they were being asked to decide whether appellant raped [the victim] 15 times over the period from August 1999 to November 2000." (*Id*. at p. 1449.) Here, the jury also could not have been confused. The prosecutor told the jurors they must decide whether Estrada touched Doe sexually at least once a month over the 21 months from the time the family moved to California until the molestation stopped. It is clear beyond a reasonable doubt that even if there was error in the wording of the unanimity instruction, that did not affect the verdict.

## III

## DISPOSITION

We affirm the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL _____
                                                                              J.

We concur:

RAMIREZ _____
                    P. J.

CODRINGTON _____
                    J.